UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| GEORGE I. ROUMELIOTIS, CHAPTER 7 TRUSTEE FOR THE ESTATE OF NUDEC, LLC,: | : CIVIL ACTION # 22-12059 |
| Plaintiff, | : |
| v. | : |
| PERSONAL POSITIONING TECHNOLOGIES, LLC, | : |
| Defendant. | : |

_____

## COMPLAINT

### Statement of Jurisdiction and Venue

1.  Nudec, LLC ("Nudec") is a limited liability company organized under the laws of the State of Connecticut with its principal place of business in Connecticut.

2.  On May 27, 2020, Nudec filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of Connecticut, Bridgeport Division. *In Re: Nudec, LLC* (Case No. 20-50527) (the "Bankruptcy Case").

3.  Plaintiff George I. Roumeliotis is the appointed Chapter 7 Trustee for the Estate of Nudec, LLC (the "Trustee"). The Trustee is a domiciliary of Massachusetts.

4. Human Hoist, LLC ("Human Hoist") is a limited liability company organized, on May 8, 2015, under the laws of the State of Michigan. As of August 18, 2020, Human Hoist is dissolved.

5. Defendant Personal Positioning Technologies, LLC ("PPT") is a limited liability company organized, as of July 25, 2019, under the laws of the State of Michigan. PPT's members, upon information and belief, are residents of Michigan.

6. On October 1, 2019, PPT filed a Certificate of Assumed Name with the Michigan Secretary of State Corporations Division wherein PPT business is to be transacted under the assumed name of Human Hoist.

7. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this action is between citizens of different states and involves more than $75,000 in dispute, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because the Defendant resides in the district.

**Factual Background**

9. On August 21, 2017, Nudec entered into a Joint Manufacturing and Sales Agreement ("JMSA") with Human Hoist. Pursuant to the JMSA, Nudec agreed to manufacture Human Hoist's patented product (the "Hoist Product"). A copy of the JMSA is attached as Exhibit A.

10. Pursuant to Sections A(1) and (2) of the JMSA, Human Hoist was responsible for sales and marketing of the Hoist Product and the associated costs of the sales and marketing.

11. Pursuant to Section A(4) of the JMSA, Human Hoist was to provide quarterly sales forecasts of the Hoist Product to Nudec.

12. Pursuant to Section B(2) of the JMSA, Human Hoist was to provide all of the technical drawings to Nudec that were needed for manufacturing, but these drawings were not provided in a timely fashion. When drawings were provided, they were substantially incomplete.

13. Despite the lack of drawings, Nudec engineered and manufactured the 10 prototypes required by Section B(2)(h) of the JMSA with the assistance of Human Hoist representatives. Nudec also paid Human Hoist $50,000 for the license to manufacture pursuant to Section B(1) of the JMSA.

14. By January 5, 2019, Nudec had manufactured 24 Hoist Products, of which Human Hoist had taken delivery of 22, but Nudec had only been paid for 9 of the Hoist Products.

15. Pursuant to Section 5(a) and 4(c) of the JMSA, Human Hoist was to issue purchase orders with 50% payment for each unit Nudec was to manufacture. Human Hoist failed to comply with this requirement. It issued no purchase orders.

16. Although Section 4(c) of the JMSA required a 50% deposit with each purchase order, Human Hoist consistently breached this term of the JMSA.

17. On January 5, 2019, Nudec sent Human Hoist a letter (attached as Exhibit B), in which it informed Human Hoist of its breaches of the JMSA.

18. On May 17, 2019, Human Hoist purported to terminate the JMSA.

19. Human Hoist's unilateral termination of the JMSA is not authorized by the JMSA and is a repudiation of the JMSA.

20. Human Hoist is in breach of the JMSA.

21. Pursuant to Section C(3)(e) of the JMSA, Nudec is entitled to full payment for all Hoist Products completed and sold, and all inventory on hand, including components, parts and partially or fully assembled units.

22. Human Hoist did not purchase 100 units in the first year of the JMSA. Thus, Nudec is entitled to 10% ownership of Human Hoist pursuant to Section D(5) of the JMSA.

23. Pursuant to Section D(4) of the JMSA, Plaintiff is also entitled to his attorney's fees.

24. On August 12, 2020, the Trustee filed Adversary Proceeding #20-05021 ("Adv. Pro. 20-05021") in the Nudec, LLC bankruptcy case #20-50527 in the United States Bankruptcy Court, District of Connecticut, Bridgeport Division against Human Hoist.

25. On June 11, 2021, a Default Judgment (the "Judgment") was entered against Human Hoist in Adv. Pro. 20-05021 (attached as Exhibit C) wherein it was ordered that the Trustee is awarded damages in the sum of $170,730.22 (the "Judgment Debt"), which shall include post-judgment interest under applicable non-bankruptcy law, along with an award of attorney's fees in the amount of $3,017.50 pursuant to the Joint Manufacturing and Sales Agreement.

26. Demand was made upon Human Hoist for payment of the Judgment Debt, but the Judgment remains outstanding.

**First Claim for Relief**
**Uniform Voidable Transactions Act Against Personal Positioning Technologies, LLC**
**M.C.L.A. §566.34 – Transfer With Intent To Defraud**

27. Paragraphs 1–26 of this Complaint are repeated and re-alleged as if fully set forth herein.

28. On October 2, 2019, pursuant to an Asset Purchase Agreement (attached as Exhibit D), Human Hoist transferred substantially all of its assets to Defendant for $1,440.00 (the "Transfer"). The Transfer specifically left liability to Nudec with Human Hoist.

29. At the time of the Transfer, Human Hoist was insolvent and/or rendered insolvent by the Transfer. For purposes of this paragraph, insolvency is defined in M.C.L.A. §566.32.

30. On October 2, 2019, Human Hoist was unable to pay its debts as they became due.

31. Human Hoist did not receive reasonably equivalent value in exchange for the Transfer.

32. At the time of the Transfer, Human Hoist was aware of its default in its contract with Nudec, but made no provisions to pay Nudec.

33. The Transfer was effectuated when Human Hoist intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; and/or Human Hoist was insolvent or Human Hoist became insolvent as a result of the Transfer.

34. At the time of the Transfer, Human Hoist intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

35. The Transfer constitutes a fraudulent transfer within the meaning of, and in violation of M.C.L.A. §566.34.

36. As a direct and proximate result of the Transfer, Human Hoist, and its creditors, specifically, the Trustee, has suffered money damages.

37. The Trustee is entitled to avoid the Transfer, to have it set aside and to recover the Transfer, or the value thereof, to the extent necessary to pay the Trustee's claim. M.C.L.A. §§566.34 and 566.37.

## Second Claim for Relief
### Uniform Voidable Transactions Act Against Personal Positioning Technologies, LLC
### M.C.L.A. §566.35 – Transfer By Human Hoist As Voidable

38. Paragraphs 1–37 of this Complaint are repeated and re-alleged as if fully set forth herein.

39. Human Hoist did not receive reasonably equivalent value in exchange for the Transfer.

40. The Transfer was effectuated when: (a) Human Hoist was engaged, or was about to engage, in a business or transaction for which the remaining assets of Human Hoist was unreasonably small in relation to the business or transaction; and/or (b) Human Hoist intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due; and/or Human Hoist was insolvent or became insolvent as a result of the Transfer.

41. At the time of the Transfer, Human Hoist was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with Human Hoist was an unreasonably small amount of capital.

42. At the time of the Transfer, Human Hoist intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

43. The Transfer constitutes a constructive fraudulent transfer within the meaning of, and in violation of the Uniform Voidable Transactions Act, M.C.L.A. §566.35.

44. As a direct and proximate result of the Transfer, Human Hoist and its creditors, including the Trustee have suffered money damages.

45. The Trustee is entitled to avoid the Transfer, to have it set aside and to recover the Transfer, or the value thereof, pursuant to M.C.L.A. §§566.35 and 566.37.

### Third Claim for Relief
**Proceedings Supplementary to Judgment Against Personal Positioning Technologies, LLC**
**M.C.L.A. §600.6131 – Assets Held in Trust for Human Hoist**

46. Paragraphs 1–45 of this Complaint are repeated and re-alleged as if fully set forth herein.

47. The burden of proof is on Defendant to show that Human Hoist's assets are not held in trust for Human Hoist, to show that the transfer was in all respects bona fide or that the Defendant is not holding Human Hoist's assets as trustee of Human Hoist. *See* M.C.L. § 600.6131(1).

**WHEREFORE**, the plaintiff, George I. Roumeliotis, Chapter 7 Trustee for the Estate of Nudec, LLC respectfully requests that this Court enter judgment in favor of the Trustee and against Personal Positioning Technologies, LLC as follows:

1. On the First Claim for Relief against Personal Positioning Technologies, LLC: (a) avoidance of the Transfer; (b) an order directing that the Transfer be set aside; and (c) recovery of the Transfer, or the value thereof, from Personal Positioning Technologies, LLC for the benefit of the Trustee;

2. On the Second Claim for Relief against Personal Positioning Technologies, LLC: (a) avoidance of the Transfer; (b) an order directing that the Transfer be set aside; and (c) recovery of the Transfer, or the value thereof, from Personal Positioning Technologies, LLC for the benefit of the Trustee; and

3. On the Third Claim for Relief against Personal Positioning Technologies, LLC: (a) a determination that Personal Positioning Technologies, LLC is holding the assets of Human Hoist in trust for Human Hoist and (b) an order directing Personal Positioning Technologies, LLC to turn over those assets to the Trustee.

4. Such other legal or equitable relief as this Court may deem appropriate.

    Steinberg Shapiro & Clark

    /s/ Tracy M. Clark (P60262)
    Attorneys for George I. Roumeliotis,
    Chapter 7 Trustee for the
    Estate of Nudec, LLC
    25925 Telegraph Rd., Suite 203
    Southfield, MI 48033
    (248) 352-4700
Date: August 31, 2022    clark@steinbergshapiro.com